UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| NICHOLAS SERVICES, LLC & CORR FLIGHT S., INC.<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, a federal administrative agency; VINCE MICONE, in his official capacity as the Acting Secretary of Labor; SCOTT MORRIS, in his official capacity as an Administrative Law Judge of the United States Department of Labor; and PAUL W. JOHNSON, JR., in his official capacity as an Administrative Law Judge of the United States Department of Labor.<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>3:25-CV-31-MPM-RP |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Nicholas Services, LLC ("Nicholas") and Corr Flight S. Inc. ("Corr") bring this action for declaratory and injunctive relief, alleging as follows:

**INTRODUCTION**

1. Nicholas is a private jet company operating under 14 C.F.R. Part 135, and therefore it is subject to the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 29 U.S.C. § 42121, commonly known (and referred to herein) as AIR21.

2. AIR21 provides, among other things, an administrative remedy for employees of aviation companies who allege that they have suffered retaliation after reporting safety concerns.

3. It has been Plaintiffs' experience, however, that AIR21 is often misused as a mechanism for underperforming or otherwise disgruntled personnel to harass companies and force

them into costly, non-judicial proceedings.

4. Additionally, there is no meaningful mechanism for Operators defending AIR21 claims to seek damages or other relief caused by defending such meritless and harassing claims.

5. AIR21 complaints are initially investigated by the Occupational Health and Safety Administration ("OSHA").

6. After OSHA makes its initial conclusions, either party may appeal to the Department of Labor Administrative Law Judges ("the DOL ALJs").

7. Plaintiffs are presently defending three actions brought by three former pilots. All three pilots were underperforming, and in all three cases OSHA found that there was no reasonable cause to find that Defendants had violated the law.

33. AIR21's use of the DOL AJLs violates the Appointment Clause in Article II of the United States Constitution.

34. The DOL ALJs takes evidence, resolve contested questions of fact and law, and render decisions on AIR 21 claims. *See, e.g.* 5 U.S.C. § 556(c); 29 C.F.R. § 1979.107.

35. This system violates the Constitution because the ALJs are insufficiently accountable to the head of the executive branch, the President.

36. Article II vests all executive power in the President, "who must 'take Care that the Laws be faithfully executed.'" *Seila L. LLC v. CFPB*, 591 U.S. 197, 203 (2020).

37. To discharge that responsibility, the President must have the power to remove subordinate officers who assist in carrying out the President's duties. *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 513–14 (2010).

38. The Fifth Circuit has held that this requirement of removal power extends to administrative law judges because they "perform substantial executive functions." *Jarkesy v. SEC*, 34 F.4th 446, 463 (5th Cir. 2022), *aff'd on other grounds*, 144 S. Ct. 2117 (2023).

39. But the President cannot meaningfully control or oversee the DOL ALJs if they are insulated by "[t]wo layers of for-cause protection"—that is, if the DOL ALJs are removable only for cause, by officials who themselves are removable only for cause. *Id.; see Free Enter. Fund*, 561 U.S. at 492–508.

40. So, in *Jarkesy*, the Fifth Circuit held that the removal restrictions for the administrative law judges of Securities and Exchange Constitution are unconstitutional. *Jarkesy*, 34 F.4th at 465.

41. The same reasoning applies to DOL ALJs, as at least one district court in this Circuit has held. "The court agrees that *Jarkesy* is dispositive. SEC ALJs' authority to conduct hearings are essentially the same as DOL ALJs, and DOL ALJs are therefore 'Officers of the United States' under Lucia. *Jarkesy* therefore requires that DOL ALJs not be insulated by two layers of good-cause removal protections." *ABM Indus. Groups, LLC v. United States Dep't of Lab.*, No. CV H-24-3353, 2024 WL 4642962, at *4 (S.D. Tex. Oct. 30, 2024); *accord K&R Contractors, LLC v. Keene*, 86 F.4th 135, 143 (4th Cir. 2023) (quoting *Lucia v. SEC*, 585 U.S. 237, 238 (2018)).

42. Yet the President cannot adequately control the DOL ALJs' performance because the President's ability to remove DOL ALJs is impeded by two layers of for-cause removal protection: like SEC ALJs, DOL ALJs are removable only for cause as determined by Merit Systems Protection Board ("MSPB") Members, who are themselves removable only for cause. *See* 5 U.S.C. §§ 1202(d), 7521(a); *ABM Indus. Groups, LLC*, 2024 WL 4642962, at *4 ("DOL ALJs are protected by two layers of restrictions: they can only be removed for cause, a decision that is

3

made by the MSPB, who the President in turn can only remove for inefficiency, neglect of duty, or malfeasance in office.")

43. Such multilayered removal protection violates the Constitution by impairing the President's ability to hold subordinate officers responsible for the performance of their executive duties. *See Free Enter. Fund*, 561 U.S. at 495–98; *Jarkesy*, 34 F.4th at 463; *ABM Indus. Groups, LLC*, 2024 WL 4642962.

44. The Court should enter the declaratory and injunctive relief Plaintiffs seek to ensure that Plaintiffs are not further subjected to unlawfully structured administrative proceedings.

## JURISDICTION AND VENUE

45. This action arises under the Constitution and laws of the United States. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

46. The Court has authority to grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and under the Court's inherent equitable powers.

47. Venue is proper in this district under 28 U.S.C. § 1391(e)(1). Defendants are officers of an agency of the United States acting in their official capacity. Plaintiffs reside in this district because they each have their principal place of business here.

## PARTIES

27. Nicholas is a limited liability company organized in the State of Delaware and headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655.

28. Corr is a corporation organized in the State of Mississippi and also headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655. Corr is the employer for all persons performing duties for Nicholas.

29. Corr is routinely joined in the AIR21 matters in which Nicholas is not named, despite the fact that it is not a proper party to those proceedings.

30. Defendant the United States Department of Labor is an administrative agency of the United States, headquartered in Washington, D.C.

31. Defendant Vince Micone is the Acting Secretary of Labor. He is sued in is official capacity.

33. Defendant Scott Morris ("ALJ Morris') is a DOL ALJ who presided over the Debuse matter and is presiding over the Kozola matter. He is sued in his official capacity.

34. Defendant Paul C. Johnson, Jr. ("ALJ Johnson") is a DOL ALJ who is presiding over the Berg matter. He is sued in his official capacity.

## FACTS/PROCEDURAL HISTORY

35. Colin Debuse is a former Corr employee who is currently pursuing an AIR21 claim against Plaintiffs.

36. On February 19, 2020, DeBuse filed an OSHA administrative action.

37. On May 28, 2020, the OSHA investigator assigned to the DeBuse matter dismissed the complaint finding that DeBuse's work refusal was not a protected activity under AIR21, and that Plaintiffs had legitimate, non-retaliatory bases for the alleged adverse employment actions.

38. On June 29, 2020, DeBuse objected to OSHA's findings and appealed the decision to the ALJs.

39. ALJ Morris was assigned to the DeBuse case for hearing and decision.

40. On December 8, 2021, ALJ Morris issued a decision awarding DeBuse $2,703.34 in back pay, plus interest and his litigation costs and attorney fees and costs.

41. Since ALJ Morris issued his initial decision in DeBuse, there have been two appeals to the Administrative Review Board. The first appeal led to a remand, with ALJ Morris modifying

but otherwise reaffirming his original opinion. The second appeal affirmed ALJ Morris's decision in all respects.

42. DeBuse's case is currently before the Administrative Review Board, with Plaintiffs' motion for reconsideration or petition for appeal due no later than February 4, 2025.

43. Adam Kozola is a former Corr employee who is currently pursuing an AIR21 claim against Plaintiffs.

44. On August 21, 2023, Kozola filed an administrative action against Plaintiffs with OSHA.

45. On September 22, 2023, OSHA dismissed Kozola's claims determining that Kozola did not provide supporting evidence, the claims were barred by the statute of limitations, and that Kozola's statement and interview did not support that the alleged post-employment retaliation was connected to the alleged protected activity.

46. On October 17, 2023, Kozola appealed OSHA' decision to the ALJs.

47. ALJ Morris was assigned to the Kozola case for hearing and decision.

48. The Kozola matter is ongoing, with Plaintiffs' post-hearing brief due on February 13, 2025, and Kozola's reply brief due on March 10, 2025.

49. Gregory Berg a former Corr employee who is currently pursuing an AIR21 claim against Plaintiffs.

50. On October 26, 2021, Berg filed an OSHA administrative action against Plaintiffs.

51. On June 8, 2023, OSHA dismissed Berg's claims determining that Berg failed to establish that he suffered an adverse action and failed to establish a causal connection between the protected activity and the alleged adverse action, and (for those reasons) OSHA did not have reasonable cause to believe that a violation of Air21 had occurred.

52. On June 30, 2023, Berg appealed that decision to the ALJ.

53. ALJ Johnson was assigned to the Berg case as the ALJ for hearing and decision.

54. The Berg matter is pending interlocutory review before the ARB, so that the merits hearing before ALJ Johnson is stayed.

55. Plaintiffs have incurred six figures in fees in addressing these three cases.

56. Plaintiffs have also incurred reputational harm from these cases, as the pilots have done everything within their power to publicize the cases.

## COUNT I – DECLARATORY AND INJUNCTIVE RELIEF

57. Plaintiffs restate and incorporate by reference each and every allegation of the preceding paragraphs, as if fully set forth herein.

58. DOL ALJs in general and ALJ Morris and ALJ Johnson in particular are "Officers of the United States" under the Constitution's Appointments Clause because among other things, they hold continuing offices through which they preside over adversarial hearings, receive testimony, shape the administrative record, and prepare proposed findings and opinions. *See Lucia v. SEC*, 138 S. Ct. 2044, 2053–55 (2018); *Jarkesy*, 34 F.4th at 464; *ABM Indus. Groups, LLC*, 2024 WL 4642962, at *4; *K&R Contractors*, 86 F.4th at 143.

59. These activities, even though they take a judicial form, are still exercises of "the '"xecutive Power,"'" for which the President is ultimately responsible." *Arthrex*, 594 U.S. at 17 (citations omitted).

60. Given DOL ALJs' status as "officers" of an executive agency, "they are sufficiently important to executing the laws that the Constitution requires that the President be able to exercise authority over their functions." *Jarkesy*, 34 F.4th at 464.

61. Yet the President cannot adequately control the performance of the DOL ALJs' functions because they are insulated from presidential control by two layers of for-cause removal protection. *See Free Enter. Fund*, 561 U.S. at 492–508.

62. First, DOL ALJs are removable only for cause, as determined by the MSPB. 5 U.S.C. § 7521(a).

63. Second, MSPB Members also are removable only for cause—"inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

64. The statutes' two layers of removal protection impermissibly restrict presidential authority and thus violate Article II of the Constitution. *See Free Enter. Fund*, 561 U.S. at 492–508.

65. But for these unlawful removal restrictions, ALJ Morris and ALJ Johnson would face the prospect of removal by the President based on their conduct during the proceedings.[1]

66. Being subject to unconstitutional agency authority—including proceedings before unconstitutionally insulated agency officials—qualifies as a "here-and-now injury". *Axon Enter.*, 598 U.S. at 191 (citation omitted).

67. Merely being subject to a hearing and decision in proceedings before insulated DOL ALJs causes Plaintiffs ongoing harm. *See, e.g., Cochran v. SEC*, 20 F.4th 194, 210 n.16, 212–13 (5th Cir. 2021) (en banc), *aff'd and remanded sub nom. Axon Enter.*, 143 S. Ct. 890.

68. This harm exists even if a President does not actively desire to remove a particular ALJ, because the mere potential for removal influences how ALJs carry out their duties. Congress sought to make DOL ALJs politically independent for a reason: it wanted to insulate them from

---

[1] This statement is not intended to personally attack ALJ Morris or ALJ Johnson. The point is one of structure.

political pressures. *See, e.g., Lucia*, 585 U.S. at 260 (Breyer, J., concurring in the judgment in part and dissenting in part).

69. In addition, a showing of particularized cause and effect between the removal restrictions and ALJ actions is unnecessary to declare that the removal restrictions are unconstitutional.

70. Plaintiffs are "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Plaintiffs are] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

71. Plaintiffs are also entitled to injunctive relief. Without injunctive relief, Plaintiffs will be required to continue the unconstitutional proceedings presented by the DeBuse matter, the Kozola matter, and the Berg matter. Plaintiffs will also continue to suffer reputational harm from the cases.

72. Plaintiffs bear a strong likelihood of success on this claim for the reasons detailed above.

73. Unless Defendants are enjoined from continuing their unconstitutional proceedings against Plaintiffs, Plaintiffs will be irreparably harmed. And, again, reputational harm is by definition irreparable.

74. Deprivation of an individual constitutional right is often an irreparable injury, *Elrod*, 427 U.S. at 373, and having to appear in unconstitutionally structured agency proceedings is an injury that cannot be remedied once the proceeding is over, *Axon Enter.*, 598 U.S. at 191.

75. The harm to Plaintiffs, in the event declaratory and injunctive relief is not granted, far outweighs any harm, or mere inconvenience, to the government if such relief is granted.

76.     The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court order the following relief and enter a judgment:

1.      Declaring that the statutes, regulations, and other pertinent authorities restricting the removal of DOL ALJs, including ALJ Morris and ALJ Johnson, are unconstitutional;

2.      Preliminarily enjoining Defendants from further conducting or otherwise deciding the DeBuse matter, the Kozola matter, or the Berg matter;

3.      Permanently enjoining Defendants from subjecting Plaintiffs to unconstitutionally structured administrative proceedings, including but not limited to the DeBuse matter, the Kozola matter, or the Berg matter;

4.      Awarding Plaintiffs their costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney's fees; and

5.      Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

This the 31st day of January, 2025.

Respectfully submitted,

NICHOLAS SERVICES, AND
CORR FLIGHT S. INC.

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

BY: *D. Sterling Kidd*
        D. Sterling Kidd

OF COUNSEL:

D. Sterling Kidd (MS Bar No. 103670)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
MAILING:  Post Office Box 14167
Jackson, Mississippi 39236-4167
PHYSICAL:  One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-6391
TELEPHONE: (601) 351-2400
skidd@bakerdonelson.com

*Attorneys for Nicholas Services, LLC and Corr Flight S. Inc.*