# UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES
### Cherry Hill, New Jersey

_____

**Issue Date: 29 May 2025**

OALJ Case No.: 2024-AIR-00001
OSHA Case No.: 301022596

*In the Matter of:*

**ADAM KOZOLA**
    *Complainant*
  v.

**CORR FLIGHT S, INC. AND**
**NICHOLAS SERVICES, LLC, d/b/a NICHOLAS AIR**
    *Respondent*

## OMNIBUS ORDER

This matter arises under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21") which was signed into law on April 5, 2000. The Act includes a whistleblower protection provision, with a Department of Labor complaint procedure. Implementing regulations are at 29 C.F.R. Part 1979.

The Tribunal held a hearing in this matter in June 2024, and at its conclusion ordered the parties to submit post-hearing briefing. Complainant is a self-represented litigant.[1] His post-hearing brief has been filed. However, on January 31, 2025, Respondents filed an action in the U.S. District Court for the Northern District of Mississippi challenging the constitutionality of these proceedings. *See* USDC Case No. 3:25-cv-00031-MPM-RP.[2] The challenge is premised upon cases decided after the Tribunal conducted its hearing in this matter.

On February 11, 2025, Respondents filed with this Tribunal a motion to stay pending the court's ruling, or to give it until May 15, 2025 to file its post-hearing brief.

On February 12, 2025, Complaint responded by objecting to the motion through its Motion to Strike Respondent's Motion to Stay. In their response, Complainant alleges this is merely a dilatory tactic designed to delay the adjudication of his complaint. Claim. Resp. at 3. It also argued that Respondent's request for a stay was procedurally improper. *Id.* at 2.

On February 14, 2025, Respondent filed its Response to Motion to Strike, in which it contested Claimant's characterization of its efforts and requested relief. Resp. Resp. at 2 – 4. It further reiterated its request for a stay. Following this, without additional leave from this Tribunal,

---

[1] Claimant's counsel at the time of the hearing withdrew from the case in November 2024.
[2] The Tribunal first learned of this case when reading Respondent's Motion to Stay.


EXHIBIT A

Complainant then filed its Motion for Leave to File a Reply to Respondent's Response and its second Motion to strike Respondent's Motion.

On February 24, 2025, Complainant filed a Motion to Open the Record to Admit Post-Hearing Evidence. In that motion, he asked the Tribunal to reopen the record "to admit crucial new evidence showing that Respondent failed to provide required avionics 'differences training' when transition pilots from the Garmin G100 to Garmin G3000 equipped aircraft." Complainant asked the Tribunal to admit a response to a FOIA request wherein the FAA substantiated this allegation. *See* Mot., Ex. 1.

On March 4, 2025, Complainant filed a Motion to Disqualify Respondant's [sic] Representative. Complainant alleges that the lawsuit naming the undersigned as one of the defendants in its U.S. District Court case[3] "is a blatant attempt to obstruct justice…." He alleges Respondent's counsel's conduct violated 29 C.F.R. § 18.23. He also claims that Respondents made false representations in this federal litigation and provided false testimony during the hearing before this Tribunal.[4] Mot. to Disq. at 4 – 5. He also claims counsel has utilized dilatory and obstructionist tactics. *Id.* at 8. Complainant also asserts that Respondent's counsel him with a copy of the summons from the U.S.D.C. lawsuit against the DOL and ALJ, and that counsel engaged in ex parte communications with the Tribunal. *Id.* at 13. He contends that the filing of the federal lawsuit itself is retaliatory litigation in violation of AIR-21. *Id.* at 14. Finally, Complainant alleges Respondent's counsel engaged in serious professional responsibility violations warranting his disqualification. *Id.* at 15 – 19.

Also on March 4, 2025, it filed its Motion for Investigation of Perjury and Misleading Statements. In that motion, Complainant requested that this Tribunal open and prosecute an investigation into alleged "false statements." Mot. at 3.

On March 7, 2025, Respondent filed its reply to the Motion to Open the Record. It argued that the evidence in question was not material to the case, and it argued that it was already excluded during the original proceedings. It therefore argued that Complainant failed to make an adequate showing that the evidence was unavailable prior to the record closing while asserting that FAA records lacked sufficient trustworthiness.

On March 18, 2025, Respondent filed its reply to the Motion for Investigation. In it, it objected to the characterization that it had provided false or misleading statements to this Tribunal, and it argued that arguments contained in the motion should have been raised in Complainant's brief.

---

[3] Apparently the U.S.D.C. case caption is Nicholas Services, LLC & Corr Flight S., Inc. v. United States Department of Labor & Vince Micone, Scott Morris, Paul W. Johnson, Jr., Administrative Law Judges, No. 3:25-cv-00031-MPM-RP (N.D. Miss. filed 2025)

[4] Complainant separately filed a Motion for Investigation of Perjury and Misleading Statement on March 4, 2025. On March 18, 2025, Respondent filed its response wherein it denied providing the Tribunal any false information. The Tribunal denies this motion for it does not have the power to initiate or direct the requested investigation into Respondent's alleged misconduct. However, if the facts of these alleged acts are in the record and substantiated, this could impact what weight the Tribunal gives to an individual's testimony or what credence it gives to admitted documents.

EXHIBIT A

Noting that its disagreements with Complainant over the nature of the underlying testimony in this case did not make any of its statements perjurious.

Also on March 18, 2025, Respondent filed its reply to the Motion to Disqualify. Respondent denied Complainant's allegation that its constitutional challenge was filed without basis. It noted that the current DOJ issued a letter in which it notified the Speaker of the House that it would no longer defend cases challenging the removal provisions afforded to ALJs.[5] It also noted that the service of their suit was for a different lawsuit and service was upon DOL, not the undersigned himself. As a result, it maintained that Respondent's counsel has done nothing to warrant professional discipline or sanctions.

On April 1, 2025, Complainant filed a document entitled "Notice of Prejudicial Developments, Urgent Request for Immediate Ruling on Pending Motions, and Intent to File Supplemental Motions." In this document, Complainant "updates" the Tribunal on events surrounding the U.S.D.C. filings. He requests an immediate ruling particularly related to disqualification, perjury and misconduct.

On April 8 and 9, 2025, Complainant filed two motions: a Motion for Immediate injunctive Relief and to Reopen the Record to Admit Post-hearing Evidence of Retaliation and a Motion to Amend Complainant Post-hearing to Add Attorney D. Sterling Kidd as an Individual Respondent. The Tribunal has no record of Respondent replying to these motions. In the first motion, Complainant alleges Respondent has engaged is post-hearing retaliation, including blacklisting. Mot. at 2.

On April 11, 2025, the U.S.D.C. issued a Minute Order denying Respondent's Motion for a Temporary Restraining Order but took under advisement the request for preliminary injunction. Case 3:25-cv-00031-DMB-RP, Doc # 28 filed 04/11/25.

On April 28, 2025, the U.S.D.C. issued an order to stay discovery in the proceedings before it. *Id.* at Doc# 31.

To this Tribunal's knowledge, no federal court has issued a ruling preventing this Tribunal from taking further action in this case.

Discussion

As a preliminary matter, this Tribunal notes that nothing it has reviewed in the record indicates a pattern of misconduct or false statements requiring professional discipline or litigation related sanction. While the Tribunal acknowledges Complainant's dissatisfaction with Respondent's counsel, it declines at this point to disqualify counsel, open an investigation into conduct, or sanction Respondent.

Relating to the federal court proceedings at bar, there is no doubt that a U.S. District Court has jurisdiction to decide constitutional matters in these proceedings. In fact, the Administrative

---

[5] The current DOJ maintains that the provision to remove an ALJ under 5 U.S.C. § 7521(a) only for good cause established and determined by the Merit Systems Protection Borad violates the authority vested in the President under Article II.

- 3 -

EXHIBIT A

Review Board's (which is administrative appellate body in this case) case law makes it clear that this Tribunal is without authority to rule on matters of constitutional law. *See Powers v. Paper, Allied-Indus. Chem. & Energy Workers Int' l Union*, ARB No. 04-111, ALJ No. 2004-AIR-019, slip op. at 3 (ARB Aug. 31, 2007). Its sister appellate body has likewise taken the position that an ALJ does not have the authority to adjudicate the constitutionality of their own appointment as an ALJ. *Lawson v. Mingo Logan Coal Co.*, No. BRB No. 18-0182 BLA, 2018 WL 7046823, at *2 n.6 (Nov. 29, 2018) (unpub.)("The administrative law judge did not have the authority to decide the issue of constitutionality of his appointment.").

However, in the absence of a constitutional issue, there is a question – at least in this Tribunal's mind – whether a district court[6] has jurisdiction to decide the substance of an AIR-21 complaint. Just as this Tribunal is one of limited jurisdiction, so too are district courts. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Sanders v. Boeing*, 2021 U.S.App. LEXIS 23088 (5th Cir. 2021). A federal court must await a final agency decision before it can rule on the substance of an AIR-21 complaint. *See* 49 U.S.C. § 42121(b)(4); *Bombardier, Inc. v. U.S. DOL,* 145 F.Supp.3d 21 (D.D.C. 2015); *v. Williams v. United Airlines, Inc.,* 500 F.3d 1019, 1024 (9th Cir. 2007). Thus, but for allegations as to the constitutionality of the undersigned's appointment, this Tribunal has jurisdiction over this matter.

Should a court enjoin further action in the case before this Tribunal, the parties shall immediately notify this Tribunal, and, of course, the Tribunal will comply with such order. However, until such time as a federal court enjoins this Tribunal, it intends to rule on motions and proceed to a decision and order in this matter. This case involves aviation safety and the statute makes it clear that these cases are to be expedited proceedings, and this Tribunal intends to process this case as best and as quickly as it can with the resources left at its disposal.

As for Complainant's motions to disqualify Respondent's counsel, it is **DENIED.** The Tribunal sees nothing that warrants such a sanction in this case. A party has every right to raise good faith arguments, including those that may even delay the proceedings, to ensure they have had every reasonable opportunity to present their case, or to present issues left to other forums that could impact the case at hand. As this Tribunal is precluded from ruling on the issue of the propriety of its appointment, it is perfectly reasonable for Respondent to seek relief from a federal court.

As mentioned above, the Tribunal intends to proceed with adjudicating this matter unless otherwise directed by competent authority. In its February 11, 2025, motion, Respondent asked for a stay or in the alternative additional time to submit its brief. To be clear, the motion to stay is **DENIED.** The Tribunal notes that Respondent never filed a brief as set forth in this Tribunal's order. While the Tribunal could proceed with preparing a decision in the absence of a brief from Respondent, it finds fairness warrants giving Respondent a brief period to submit a brief now knowing their motion is denied. Accordingly, **any post-hearing brief Respondent wishes to submit in this matter shall be filed no later than 21 days from the date of this order.**[7]

---

[6] Once the Administrative Review Board conducts its review, jurisdiction vests with the appropriate U.S. Court of Appeals. 49 U.S.C. § 42121(b)(4).

[7] The Tribunal notes that Respondent has had available to it the transcripts of this hearing since early August 2024 and the Complainant's post-hearing brief since January 5, 2025.


EXHIBIT A

Complainant's motion to reopen the record to admit certain documents is also **DENIED**. Complainant has not shown why this evidence could not have been produced at the hearing. For example, Complainant has provided no evidence of even when he asked the FAA for these documents. Additionally, the Tribunal does not see currently how this evidence will aid the Tribunal in rendering factual findings in this case.[8]  **However**, the Tribunal reserves to itself the right to reconsider this ruling *sua sponte*.

Complainant's Emergency Motion for Immediate Injunctive Relief is also **DENIED.** The standard for deciding whether to consider new evidence is set forth in 29 C.F.R. § 18.90, which provides that:

> [n]o additional evidence may be admitted unless the offering party shows that new and material evidence has become available that could not have been discovered with reasonable diligence before the record closed.

The Tribunal does not see how acts of filing in another forums is material to these proceedings, nor does it see how this reflects retaliatory conduct. Respondent has the right to pursue what it believes are legitimate contract issues in other forums. Further, one of the remedies Complainant seeks is not within this Tribunal's powers. This Tribunal has no power to direct the withdrawal of a lawsuit filed in state or federal court, nor does it have the power to direct Respondent not file a lawsuit. Emer. Mot. at 19. And financial remedies Complainant seek will be addressed in a decision and order should he prevail in the complaint before this Tribunal. Finally, Complainant asks this Tribunal to refer Respondent's alleged conduct to other oversight agencies. *Id.* The Tribunal declines to do so, especially since there is nothing that prevents the Complainant himself from filing such allegations to those agencies for their investigation.

Complainant's Motion to Amend Complainant to add Attorney Kidds as an individual respondent is **DENIED.** The fact that counsel filed matters on behalf of his client in both state and federal court is not grounds to add him as a party to this litigation.

SO ORDERED.

**SCOTT R. MORRIS**
Administrative Law Judge

---

As stated in the July 13, 2024 Briefing Schedule Order, any brief filed by Respondent shall be no longer than 30 pages. Further, should Respondent file a timely brief, Complainant is given 14 days from the date of its filing to submit a reply brief that is no longer than 10 pages.

[8] For example, the Tribunal does not see how a party amending "their lawsuit" is germane to the issues this Tribunal must decide. Mot. at 4. And just as this Tribunal cannot rule on the constitutionality of their appointment, it cannot also rule on whether litigation violates an individual's First Amendment rights to free speech.

**EXHIBIT A**

# SERVICE SHEET

Case Name: **Kozola_v_Corr_Flights_Inc_and_**

Case Number: **2024AIR00001**

Document Title: **OMNIBUS ORDER**

I hereby certify that a copy of the above-referenced document was sent to the following this 29th day of May, 2025:

**Donna M. Broome**
Paralegal Specialist

Wendi Litton, Esq.
wlitton@nicholasair.com
Corr Flights and Nicholas Air
300 S Lamar Blvd
OXFORD MS 38655
    *{Electronic - Regular Email}*

Hannah Katherin Herrin
hherrin@nicholasair.com
300 S Lamar Blvd
OXFORD MS 38655
    *{Electronic - Regular Email}*

Adam Kolzola
kozola@protonmail.com
5753 Hwy 85 N #5862
CRESTVIEW FL 32536
    *{Electronic - Regular Email}*

D. Sterling Kidd
skidd@bakerdonelson.com
One Eastover Center
P. O. Box 14167
JACKSON MS 39236
    *{Electronic - Regular Email}*

